STEPTOE & JOHNSON LLP
PAUL J. ONDRASIK, JR. (*pro hac vice*),
POndrasik@steptoe.com
MORGAN D. HODGSON (*pro hac vice*),
MHodgson@steptoe.com
ERIC G. SERRON (*pro hac vice*),
ESerron@steptoe.com
RYAN T. JENNY (*pro hac vice*),
RJenny@steptoe.com
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
Telephone: 202.429.3000
Facsimile: 202.429.3902

GIBSON, DUNN & CRUTCHER LLP
THEODORE J. BOUTROUS, JR., SBN 132099,
TBoutrous@gibsondunn.com
333 South Grand Avenue
Los Angeles, California 90071
Telephone: 213.229.7000
Facsimile: 213.229.7520

*Defendants' Counsel*

Additional counsel listed on signature pages

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DIANA ALEXANDER-JONES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART STORES, INC., a Delaware Corporation; the Wal-Mart Retirement Plans Committee; and JOHN/JANE DOES 1-15,<br><br>Defendants. | CASE NO. 3:10-CV-03005 VRW<br><br>**DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING SUPREME COURT DECISION IN RELATED CASE**<br><br>January 20, 2011<br><br>10:00 a.m. |

**TO THE COURT AND ALL PARTIES AND THEIR COUNSEL OF RECORD IN THE ABOVE-CAPTIONED CASE**

PLEASE TAKE NOTICE that, on January 20, 2011, at 10:00 a.m. or as soon thereafter as may be heard before the Honorable Vaughn R. Walker, Chief Judge of the United States District Court, in Courtroom 6 of the United States District Court, Northern District of California, San

- 1 -
**Defendants' Motion To Stay Proceedings Pending Supreme Court Decision In Related Case
Case No. 3:10-CV-03005 (VRW)**

Steptoe & Johnson LLP

Francisco Division, Defendants Wal-Mart Stores, Inc. and the Walmart Retirement Plans Committee ("Defendants") will and hereby do jointly move this Court to extend the stay in this action from December 30, 2010 to the earlier of thirty (30) days after the Supreme Court's ruling on the pending appeal in *Dukes v. Wal-Mart Stores, Inc.,* Case No. CV 01-2252 VRW (EMC) (hereafter, "*Dukes*"), *or* August 26, 2011. Such a stay parallels that recently granted by this Court in *Dukes*.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the concurrently filed Stipulation and Proposed Order to Shorten Time, the concurrently filed Proposed Order, the papers on file in this case, any oral argument that may be heard by the Court, and any other matters that the Court deems appropriate.

## MEMORANDUM OF POINTS AND AUTHORITIES

### A. Procedural History

Plaintiff filed this action on July 8, 2010. In the Administrative Motion she filed in both cases on July 16, 2010, Plaintiff argued that her case is related to *Dukes v. Wal-Mart Stores, Inc.*, Case No. 3:01-cv-02252-VRW, a gender discrimination case also pending in this Court. Doc #714 in *Dukes*. Specifically, Plaintiff stated:

> These two cases concern substantially the same parties, property, transactions, and/or events. In both cases, Plaintiff seeks to certify a class on behalf of Wal-Mart employees against Defendant Wal-Mart Stores, Inc….concerning Wal-Mart's willfully and intentionally [underpaying] the wages of a large segment of its hourly underpayment of female hourly employees of Wal-Mart. Both allege Wal-Mart employee population based on their gender.

*Id,; see also* Notice of Related Cases, filed by Plaintiff July 8, Doc. #4 in *Alexander-Jones*.

The Court granted Plaintiff's Administrative Motion on July 22, 2010. Doc #716 in *Dukes*. Shortly thereafter, the parties jointly moved for, and obtained a stay that paralleled the stay already in place in *Dukes* to permit Walmart to seek Supreme Court review of the grant of class certification in that case, i.e., a stay pending the earlier of (a) the Supreme Court's decision on Walmart's *certiorari* petition, or (b) September 30, 2010.[1] Order of August 25, 2010, Doc. #22 in *Alexander Jones*. The

---

[1] With one exception, the *Dukes* action has been stayed since September 27, 2004, first to permit Ninth Circuit review of the class certification question and then to permit Supreme Court review of that issue.

Steptoe & Johnson LLP

- 2 -
**Defendants' Motion To Stay Proceedings Pending Supreme Court Decision In Related Case**
**Case No. 3:10-CV-03005 (VRW)**

stays in *Dukes* and this case subsequently were extended until December 30, 2010 because of the ongoing proceedings in the Supreme Court. Order of September 17, 2010, Doc #724 in *Dukes* and Order of September 23, 2010, Doc #34 in *Alexander Jones*.

Following the Supreme Court's grant of Walmart's petition for a writ of *certiorari* on December 6, 2010, the Court again extended the *Dukes* stay until the earlier of (a) a date thirty days after the Supreme Court's resolution of the case; or (b) August 26, 2011. Order of December 23, 2010. Doc #728. In conjunction with that stay, Defendants requested Plaintiff's consent to move jointly for an additional parallel stay in this case that would keep this case on track with *Dukes*. Despite her prior consent to such requests, Plaintiff declined Defendants' proposal.

Defendants respectfully request the Court to order a further stay in this case that parallels the one it has granted in *Dukes* – namely, until the earlier of a date thirty days after the Supreme Court's decision in *Dukes* or August 26, 2011. Such a stay is fully appropriate and justified given the relatedness of this case and *Dukes*. Indeed, now to separate effectively these cases and permit this action to proceed while *Dukes* is stayed would very likely result in a wholly unnecessary waste of the resources of the parties and this Court.

**B. This Action is Related to and Dependent on *Dukes***

Plaintiff has acknowledged in her Administrative Motion that the proceedings in this case should parallel those in *Dukes*. Doc #714. The factual allegations that are the basic predicate for Plaintiff's claims concern supposed discriminatory treatment of female employees in promotion, assignments, and compensation. Complaint, ¶¶ 39-55. Those allegations specifically refer to *Dukes*, upon which Alexander-Jones's "information and belief" allegations of discrimination appear to be based. Complaint, ¶48. Walmart has historically made contributions to the Wal-Mart Profit Sharing and 401(k) Plan ("Plan") based on a percentage of a participating employees' compensation. Complaint, ¶¶ 26, 27, 39. The injury the Plaintiff seeks to remedy in this case is directly tied to the alleged gender discrimination: the Complaint alleges that "the amounts Walmart contributed were materially less than what was truly owed to Plan participants, because Walmart calculated its Company contributions based on base wages that were suppressed due to...gender discrimination."

Steptoe & Johnson LLP

- 3 -
**Defendants' Motion To Stay Proceedings Pending Supreme Court Decision In Related Case**
**Case No. 3:10-CV-03005 (VRW)**

*Id*. at ¶39. Thus, according to Plaintiff, the alleged Plan contribution shortfall is attributable entirely to the alleged gender discrimination already at issue in *Dukes*.

The class Plaintiff purports to represent allegedly consists of all participants in the Plan "who received improperly depressed Plan contributions from the Company as a result of gender discrimination." Complaint ¶ 67. This putative class, going back to 2004, is a subset of the *Dukes* putative class, which includes women allegedly underpaid as a result of alleged gender discrimination since 1988. The Supreme Court's resolution of the class certification issues in *Dukes* may have a profound and direct impact on this case.

### C. A Stay is Appropriate Under Controlling Legal Standards

A district court possesses discretion to stay an action based on its inherent power to control its own docket. *Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983). Actions are often stayed when appellate decisions are likely to simplify or clarify the claims. *See, e.g. Espinoza v. County of Fresno*, No. 07-cv-01145, 2009 WL 1740579, at *1 (E.D. Cal. June 18, 2009), 2009 U.S. Dist. LEXIS 58025, (staying case while Ninth Circuit decides cases presenting issues pertinent to an FLSA claim); *ASIS Internet Servs. v. Member Source Media, LLC*, No. C-08-1321, 2008 WL 4164822, *2 (N.D. Cal. Sept. 8, 2008), 2008 U.S. Dist. LEXIS 109241, (stay granted to permit court of appeals to rule on legal issue likely to "provide clarity" and "guidance on the issues"); *Lopez v. Gymboree Corp.*, No. C-07-0087, 2007 WL 3228815, at *1 (N.D. Cal. Nov. 1, 2007), 2007 U.S. Dist LEXIS 82888, (case stayed when appellate ruling is "likely to illuminate the issues surrounding class certification"); *Pesticide Action Network N. Am. v. EPA*, Case No. C 08-1814 MHP, 2008 WL 5130405 (N.D. Cal. Dec. 5, 2008), 2008 U.S. Dist. LEXIS 98572, (staying the instant case as well as two related cases pending outcome of the Ninth Circuit's review of a case that would bear on the three related cases). A stay pending appeal recently was granted based on the United States Supreme Court's decision to grant *certiorari* in another case, the court stating that the *certiorari* grant raised "substantial questions" regarding the viability of the instant case. *See McArdle v. AT & T Mobility LLC*, Slip Copy, Case No. C 09-1117 CW, 2010 WL 2867 at *3 (N.D. Cal. July 20, 2010), 2010 U.S. Dist. LEXIS 73519, (evaluating a stay pending appeal of a court's denial of a

Steptoe & Johnson LLP

- 4 -
**Defendants' Motion To Stay Proceedings Pending Supreme Court Decision In Related Case**
**Case No. 3:10-CV-03005 (VRW)**

motion under the four-factor test set forth in *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S. Ct. 2113, 95 L. Ed. 2d 724 (1987).

Just as in those cases, a stay is appropriate here in the interests of judicial economy and to avoid burdensome and unnecessary duplication of labor and expense by the parties.  The Supreme Court's decision on the class certification issue in *Dukes* may significantly impact the future of this case, including the appropriate scope of discovery and the scope of relief.  Without a stay Defendants will be prejudiced by having to proceed with development of a case that may change significantly due to the related proceedings in *Dukes*.   In contrast, imposition of a stay does not harm Plaintiff – documents are preserved, her resources are not expended, and the direction that the Supreme Court's decision will offer for this case (as well as *Dukes)* will benefit all parties.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court exercise its discretion to impose a stay on all further proceeding in this case on the same basis as it has entered in *Dukes*.  A proposed Order is submitted herewith.

Dated: December 28, 2010

By: /s/ Paul J. Ondrasik, Jr.
Paul J. Ondrasik, Jr. (*pro hac vice*)
Morgan D. Hodgson (*pro hac* vice)
Eric G. Serron (*pro hac vice*)
Ryan T. Jenny (*pro* hac vice)
STEPTOE & JOHNSON LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
Tel:  202-429-3000
Fax:  202-429-3902
*pondrasik@steptoe.com*
*mhodgson@steptoe.com*
*eserron@steptoe.com*
*rjenny@steptoe.com*

Theodore J. Boutrous, Jr. (SBN 132099)
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071
Tel: 213-229-7000
Fax: 213-229-7520
*TBoutrous@gibsondunn.com*

Steptoe & Johnson LLP

- 5 -
**Defendants' Motion To Stay Proceedings Pending Supreme Court Decision In Related Case
Case No. 3:10-CV-03005 (VRW)**

Frederick Brown (SBN 65316)
GIBSON, DUNN & CRUTCHER LLP
555 Mission St., Suite 3000
San Francisco, CA 94105-2933
Tel: 415-393-8200
Fax: 415-393-8306
*FBrown@gibsondunn.com*

Andrea E. Neuman (SBN 149733)
Michele L. Maryott (SBN 191993)
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive
Irvine, CA 92612-4412
Tel: 949-451-3800
Fax: 949-451-4220
*ANeuman@gibsondunn.com*
*MMaryott@gibsondunn.com*

Attorneys for Defendants
WAL-MART STORES, INC. and WAL-MART
RETIREMENT PLANS COMMITTEE

Steptoe & Johnson LLP

- 6 -
**Defendants' Motion To Stay Proceedings Pending Supreme Court Decision In Related Case**
**Case No. 3:10-CV-03005 (VRW)**

# DECLARATION OF SERVICE

I, Mary B. Sherman, declare as follows:

I am employed in Washington, District of Columbia; I am over the age of eighteen years and am not a party to this action; my business address is 1330 Connecticut Ave, N.W., Washington, D.C. 20036, in said City and District. On December 28, 2010, I served the within:

**NOTICE OF APPEARANCE**

to all named counsel of record as follows:

 **BY ECF (ELECTRONIC CASE FILING)**: I e-filed the above-detailed documents utilizing the United States District Court, Northern District of California's mandated ECF (Electronic Case Filing) service on December 28, 2010. Counsel of record are required by the Court to be registered e-filers, and as such are automatically e-served with a copy of the documents upon confirmation of e-filing.

I certify under penalty of perjury that the foregoing is true and correct, that the foregoing document(s) were printed on recycled paper, and that this Declaration of Service was executed by me on December 28, 2010, at Washington, District of Columbia.


Mary B. Sherman